**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Eclavea PEREZ, Defendant–
Appellant.**

**No. 02–10493.**

**D.C. No. CR–94–00036.**

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted July 21, 2003.*

Decided July 23, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Joseph Eclavea Perez appeals the 150–month sentence imposed after the district court granted Perez's 28 U.S.C. § 2255 motion to correct the sentence imposed for his 1994 conviction for distribution of heroin, 21 U.S.C. § 841(a), and being a felon in possession of a firearm, 18 U.S.C. § 922(g). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate and remand.

Perez contends that the district court abused its discretion by departing upward three levels from criminal history category III to category VI without adequately explaining the extent of its departure. We agree.

In explaining the extent of its departure, the district court stated merely that criminal history categories IV and V underrepresented Perez's past criminal conduct and that he was "more equivalent to someone that would be considered a career criminal with a criminal history category VI." Generally, a district court should determine whether a defendant's actual criminal history most closely resembles the next higher criminal history category before concluding that the defendant's record is so severe that comparison to an even higher category is warranted. *United States v. Streit,* 962 F.2d 894, 903–905 (9th Cir.1992); *cf. United States v. Starr,* 971 F.2d 357, 364 (9th Cir.1992).

Here, the district court failed to explain its conclusion that criminal history categories IV and V did not adequately represent Perez's actual criminal history. *See id.* We therefore vacate the sentence and remand for the district court to resentence and explain the extent of its departure by analogizing the increased criminal history category to the next relevant category. *See United States v. Donaghe,* 50 F.3d 608, 613–14 (9th Cir.1994); *Streit,* 962 F.2d at 905.

**VACATED AND REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.